

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 19, 1947

Hon. Claud Gilmer, Chairman
Committee on Appropriations
House of Representatives
Austin, Texas          Opinion No. V-207

                       Re: Construction of Section
                           17 of Article III, of
                           the Texas Constitution,
                           relative to adjournments
Dear Sir:                  of the Legislature.

       Your request for an opinion is as follows:

       "Section 17 of Article III of the
Constitution provides ' neither House
shall, without the consent of the oth-
er, adjourn for more than three days
nor to any place than that where the
Legislature may be sitting.' All of
the precedents of the House count an
adjournment from one day to the next
as a one day adjournment. In other
words, if the House adjourns on Thurs-
day to re-assemble at a definite hour
on Saturday, it is a two day adjourn-
ment.

       "Recently, the presiding officer of
the Senate has interpreted the above quo-
ted constitutional provision as only mean-
ing the intervening day, and excluding the
day upon which the adjournment is taken
and the day upon which the body would re-
convene.

       "It is considered that this differ-
ence between the House and the Senate
should be reconciled. Another question
also arises in this connection, and that
is whether or not the 'consent' in the
above mentioned provision can be given as
a blanket proposition for the entire ses-
sion.

       "I, therefore, request your opinion
upon the following questions:

"1. Is an adjournment or recess from Thursday until the following Monday, of either House or Senate, without the consent of the other, violative of Section 17 of Article 3 of the State Constitution?

"2. May the consent for adjourament 'for more than three days', of either House to the other, granted by concurrent resolution, be made as a blanket and continuing authorization throughout a session; or must there be a single and specific grant for each and every recess or adjournment."

We shall answer your questions in the order in which you state them.

1. You are correct in stating that adjournment from one day to the next has long been considered as a one day adjournment by both the Texas House and Senate and The United States Congress. All of the precedents we have been able to find are in accord on this point. Therefore, the constitutional adjournment for "more than three days" must take into the count either the day of adjourning or the day of meeting. (Texas Legislative Manual, 49th Legislature, page 180; Hinds' Precedents, V, 6673, 6674.)

However, when Sunday is one of the days within the period of adjournment, that day is not to be counted. This is contrary to the interpretation made by both you and the writer of this opinion during the time we served as Speaker of the House of Representatives and it is contrary to the interpretation generally made by other Presiding Officers of both the House and Senate during recent years. A careful study of earlier Texas legislative and congressional precedents reveals that the correct rule is to exclude Sunday from the count. It is the same rule which excludes Sunday from the constitutional provision that without a quorum, neither House may adjourn except from day to day. The long established practice allows adjournment from Saturday until Monday without a quorum, and this practice has been approved by former opinions of this office. (Texas Legislative Manual, 49th Legislature, page 179)

We find no written precedents in Texas Legislative Manuals directly holding that Sunday should be excluded from the "three day" period mentioned in Section 17, Article III of the Texas Constitution, but there are precedents in point in the proceedings of Congress, which are governed by a similar provision in the United States Constitution. In fact, Article 1, Sec. 5, Clause 4 of the Constitution of the United States is the apparent source of our own constitutional provision, and it reads as follows:

"Neither House, during the session of Congress, shall without the consent of the other, adjourn for more than 3 days, nor to any other place, than that in which the two Houses shall be sitting."

The above provision was inserted in the Texas Constitution of 1845 and was carried forward in subsequent Texas Constitutions. From Honorable Sam Rayburn, former Speaker of the Texas House and former Speaker of the House of Representatives of the United States, we learn that Sunday has always been excluded from the "three day" provision in the National House and that the same interpretation was followed by earlier Texas Legislatures.

In Vol. V, Sec. 6674 of HINDS' "Precedents of the House of Representatives", we find this language:

"On May 29, 1850, the House adjourned over from Thursday until Monday without any question as to Sunday being included."

In the same publication, Vol. V, Sec. 6673, we find the following:

"Sunday is not taken into account in making the constitutional adjournment of 'not more than three days'.

"The constitutional adjournment for not 'more than three days' must take into the court either the day of adjourning or the day of meeting.

"On Saturday, December 28, 1895, Mr. Nelson Dingley, of Main, rising to a parliamentary inquiry, asked:

'My parliamentary inquiry is whether under the Constitution a recess can be taken from to-day until next Thursday or whether that would be an adjournment for more than three legislative days.'

"The Speaker said:

'Sunday is not taken into account in these cases, but the Chair thinks the adjournment can not be to a later day than next Wednesday.'"

Accordingly, in answer to your first question, it is our opinion that either the House or Senate may adjourn from Thursday until the following Monday without the consent of the other, such period of time, counting the day of adjournment or the day of reconvening, but excluding Sunday, being for not more than three days.

As to your second question, we are of the opinion that no "blanket" consent may be given for the remainder of the session for either House to adjourn for more than three days. The Constitution contemplates consent of the other House on each separate occasion when one of the Houses desires to adjourn for more than three days. The obvious purpose of Section 17, Article III, was to avoid the possible interference with the orderly functioning of the Legislature as a dual body in making the laws, by adjournment of one of the bodies essential to such functioning for a longer time than three days. The time and circumstances of any particular recess adjournment is clearly a matter of discretion of both Houses as of the time when the question arises. This is expressly recognized in the Constitution in permitting the consent of the "other" House to an adjournment for a longer time than three days. It is sound legal reasoning, we think, that neither House may by its act of passing a blanket or continuous authorization throughout a session, abdicate its power and duty under the Constitution to act upon such adjournment from time to time as the request therefor arises. To permit such a practice would in effect nullify Section 17 of Article III.

## SUMMARY

Section 17, Article III, of the Texas Constitution, prohibits adjournment of either House for more than three days without consent of the other House. In calculating "three days", the day of adjournment or the day of reconvening must be counted. If a Sunday is within the period of adjournment, it should not be counted. Therefore, either House may adjourn from Thursday to Monday without the consent of the other, since the period is not for more than three days, excluding Sunday.

A "blanket" consent of both Houses for adjournments of more than three days at any time during the session would violate Section 17, Article III, of the Texas Constitution, since it contemplates separate and specific consent of the other House each time one House desires to adjourn for more than three days.

Very truly yours,

Price Daniel
Attorney General

PD:wb:mrj